UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA DINKINS-RHEAMS,<br><br>      Plaintiff,<br><br>-against-<br><br>LEVITTOWN FORD LLC and CHARLES RICOTTONI,<br><br>      Defendants. | Index No.:<br><br>**COMPLAINT**<br>**Jury Trial Demanded** |

Plaintiff MAYA DINKINS-RHEAMS ("Plaintiff" or "Ms. Dinkins-Rheams"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants LEVITTOWN FORD (the "Company" or the "Corporate Defendant") and CHARLES RICOTTONI ("Defendant Ricottoni" or "Individual Defendant") as follows:

## NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA") and New York State Human Rights Law, NY Exec Law § 296 et. seq (2015) ("State Law") based on Defendants' discriminatory and retaliatory termination of Plaintiff's employment because of her disabilities and requests for reasonable accommodations.

2. Plaintiff brings this action to challenge the following discriminatory and retaliatory acts and/or omissions Defendants committed in violation of the ADA and State Law:

    i. Defendants' refusal to grant Plaintiff a reasonable accommodation for her disability;

ii. Defendants' discriminatory termination of Plaintiff's employment because of her disabilities; and

iii. Defendants' retaliatory termination of Plaintiff's employment because she requested reasonable accommodations.

3. Defendants knowingly violated Plaintiff's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

4. Damages and other legal relief are sought pursuant to the ADA and State Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the State Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State statutory law.

7. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

### *Plaintiff*

8. At all relevant times, Plaintiff was a resident of New York State who worked in the State of New York.

9. Plaintiff was at all times an "employee" within the meaning of the ADA, protected from discrimination on the basis of disability.

10. Plaintiff was at all times an "employee" within the meaning of the State Law, protected from discrimination on the basis of disability.

11. Plaintiff was an individual with disabilities (Neutropenia and Mental Health Disorder) under the ADA and State Law.

### *Defendants*

12. The Company is a car dealership based in Levittown, New York.

13. Upon information and belief, the Company is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 3195 Hempstead Turnpike, Levittown, New York, 11756.

14. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly are "employers" within the definition of the ADA.

15. At all relevant times, the Company has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law.

16. Defendant Ricottoni is the general manager of the Company and at all relevant times held supervisory authority over Plaintiff by, inter alia, taking disciplinary action against Plaintiff. Defendant Ricottoni was Plaintiff's employer.

## FACTUAL ALLEGATIONS

### *Background regarding Plaintiff's Employment*

17. Plaintiff commenced employment at the Company as an Auto Sales Professional on October 21, 2020.

18. At all times during her employment, Plaintiff was qualified for her position and was able to perform the essential functions of her job.

19. Ms. Dinkins-Rheams carried out her job duties with diligence and care, consistently meeting the Company's legitimate performance expectations.

20. Ms. Dinkins-Rheams received positive reviews and feedback from customers satisfied with her services.

### *Disability Discrimination*

21. Plaintiff suffers from a disorder called Neutropenia, which causes her to maintain a low white blood cell count and leaves her at a high risk for infection.

22. On March 11, 2021, four employees at the Company contracted the COVID-19 virus.

23. Plaintiff's primary care physician (PCP) directed her to stay home and quarantine after being exposed to the virus at her workplace.

24. Plaintiff returned to work on March 25, 2021, when there was a second outbreak involving three other employees.

25. Plaintiff emailed General Sales Manager Daniel Krauciunas about her re-

exposure and stated, "as you are aware, I have pre-existing conditions that leave me at a greater risk for contracting the virus."

26. Plaintiff had disclosed her Neutropenia to Mr. Krauciunas, New Car Sales manager Darnell Desforges, and Director of Human Resources Erin Leone.

27. Upon Plaintiff's re-exposure to the COVID-19 virus, Plaintiff's physician ordered her back on quarantine for ten days.

28. Plaintiff returned to work from her second quarantine on April 5, 2021.

29. On April 12, 2021, Plaintiff visited her PCP for various medical and mental health issues from which she was suffering, including depression, frequent migraines, and high-level anxiety.

30. Plaintiff's PCP placed her on medical leave through May 10, 2021. During this time period, Ms. Dinkins was to undergo various tests under the care of her PCP, a neurologist and other medical and mental health professionals.

31. Plaintiff obtained a note from her doctor prescribing this 4-week leave of absence.

32. The same day of her appointment, when Plaintiff reported to work, Messrs. Krauciunas and Desforges met with her and informed her that she was not selling enough cars. However, they acknowledged that they had unfairly allocated buyers to other salespeople. They committed, in writing, to making a "conscious effort to give her more opportunities so she can perform at higher levels."

33. On April 15, 2021, Ms. Dinkins-Rheams provided Mr. Krauciunas with her doctor's note for a 4-week leave of absence from work.

34. At that time, she spoke with Mr. Krauciunas about her mental health issues

and stated, "[I am] battling depression and [would] classify the space that I am currently in as the lowest of my life." She went on to state, "as we spoke about on Monday, I am not performing at my highest level and the blame for that is shared." She further stated, "please accept this letter as notice of leave for myself temporarily. I want to come back here and do my job well."

35. In response, Mr. Krauciunas asked Plaintiff for a moment to speak with Defendant Charles Ricottoni.

36. A short while later, Plaintiff was summoned into Ms. Erin Leone's office with Ms. Leone, Defendant Ricottoni, and Mr. Krauciunas present.

37. Defendant Ricottini proceeded to berate Plaintiff for her accommodation request, stating "you're never here," "we paid you for not coming in during the outbreak," and "you were the only one that did not come to work during the outbreak."

38. Later that day, Plaintiff received various calls and text messages from coworkers about her alleged resignation. Plaintiff discovered that the Company had falsely informed its employees that Plaintiff had resigned.

39. On April 22, 2021, Plaintiff received a letter dated April 16, 2021 summarily terminating her employment effective April 15, 2021. No reasons were cited for her termination.

40. In terminating Plaintiff, the Company discriminated against Plaintiff based on her disability and retaliated against her for requesting a reasonable accommodation.

**FIRST CAUSE OF ACTION**
**(Disability Discrimination**
**in Violation of the ADA)**

41. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42. Defendants were aware that Plaintiff suffered from disabilities including a

6

compromised immune system and mental health disorders.

43. Defendants willfully violated the ADA when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of her disabilities.

44. As a proximate result of the Company's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

45. As a proximate result of the Company's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION
### (Retaliatory Termination of Employment under the ADA)

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. Plaintiff engaged in protected activity when she asserted her rights and sought a reasonable accommodation under the ADA.

48. The Company willfully violated the ADA when they terminated Plaintiff's employment because she requested a reasonable accommodation.

49. As a proximate result of the Company's unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

50. As a proximate result of the Company's unlawful acts, Plaintiff has suffered

7

and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## THIRD CAUSE OF ACTION
### (Disability Discrimination in Violation of State Law)

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Plaintiff's condition as described in this Complaint constitutes a disability.

53. Defendants willfully violated State Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of her disability.

54. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

55. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of State Law)

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for her disability.

58. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff.

59. As a proximate result of Defendants' unlawful retaliation, Plaintiff has

endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

60. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

i. back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

ii. liquidated damages;

i. reasonable attorneys' fees and costs incurred in this action; and

ii. any other relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: September 26, 2022

Respectfully submitted,

By: _____
Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700

9